# EXHIBIT M

# EXPERT OPINION REPORT

**Pursuant to Federal Rules of Civil Procedure, Rule 26 Report**

Court:            United States District Court – Eastern  District of California
Case Number:  2:19-CV-00007-MCE-CKD
Case Name:    **FRANCISCO DUARTE AND ALEJANDRO GUTIERREZ v. CITY of STOCKTON, STOCKTON POLICE DEPARTMENT, COP ERIC JONES, OFFICERS HACHLER, HOWARD, GANDY, NELSON, SGT UNDERWOOD, et al**
Date: July 29, 2020

**A.** I, Jeffrey R. Hislop, am an adult over 18 years of age and would be competent to testify if called as a witness in this matter.  I have prepared this report on behalf of the City of Stockton Defendants in the matter of **DUARTE/GUTIERREZ v. CITY of STOCKTON et al** in the United States District Court, Eastern District of California.

**B.** The **San Joaquin Delta Community College District** in Stockton, California has employed me for 20+ years as a full-time tenured Administration of Justice Professor, and currently as an Adjunct Associate Professor. I was previously employed as an Adjunct Administration of Justice Professor for 17 years, for a total of 37+ years. My duties include or have included, but are not limited to, teaching lower division college courses, instructing in the BASIC P.O.S.T. Academy, chairing the ROP vocational high school AJ programs, chairing the curriculum process for the Administration of Justice and Corrections programs and sitting as the Discipline Chair Lead Professor.

In addition to writing curriculum and teaching college courses for the **San Joaquin Delta Community College District**, I teach or evaluate firearms, defensive tactics, criminal law, search and seizure, and use of force in the Basic Peace Officer Academy program, and for numerous law enforcement/public safety agencies.

I am also employed as an adjunct professor for **Modesto Junior College / Yosemite Community College District.** My duties include teaching college classes on-line and in traditional settings. I have been employed from 1982-1994 and again from 2011 to present.

I have also been employed as an instructor for **Institute of Technology**, teaching the **(BSCC) <u>STC Basic Adult Institutions Core Course</u>** and other classes in a traditional setting.

**C.** I have served on numerous **POST** committees during the past three decades to develop basic and in-service certification and program guidelines, as well as generate teaching curriculum.  I have consulted as an U.S. DOJ. National Institute of Corrections Technical Resources Provider from 1990 to 2002.

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

**D.** I have twenty-six years of law enforcement / corrections experience and thirty-seven plus years training experience as a use of force, firearms and law enforcement tactics instructor.  My area of expertise includes but is not limited to: use of force; less-lethal alternatives to deadly force (equipment and tactics); modern police administration and supervision, including policies, procedures, and current law enforcement practices; firearms; internal affairs investigations and disciplinary matters; special weapons and tactics; administration and training; custody/corrections operations and policy and procedures.

**E.** I have served as a Technical Resources Provider for the Jails Division of the National Institute of Corrections of the United States Department of Justice from 1990 until 2002, providing jail training throughout the United States. I have provided consultation and instruction for numerous local agencies nation-wide in detention and corrections including but not limited to: custody / corrections operations and policy and procedures, administration and supervision. See CV for specific locations

**F.** I have been deposed and/or testified in fifteen cases and have prepared reports and/or consulted on fifty cases involving, but not limited to, law enforcement/ corrections policies and practices, use of force, and investigation procedures for the defense and for plaintiffs. I have testified in court as an expert witness in both Federal and State Courts. I have worked on forty cases or 80% for the defense and ten or 20% for the plaintiff to date. Thirteen cases were jail death cases. One case was an operations murder of a Deputy.

**G.** The Stockton City Attorney Law Office retained me April 28, 2020, as an expert to review the facts and circumstances of the treatment of the plaintiffs during the arrest and processing in the City of Stockton, CA, May 5, 2017. At the time of making this report I have reviewed a variety of documents and things to reach opinions in this matter.

**H.** The statements made herein are based on my personal experience, training and educational knowledge and review of the documents and things listed on the attachment entitled documents and things reviewed. A copy of my Curriculum Vitae is attached herewith and incorporated hereto as though fully set forth.

**I.** I obtained a variety of materials from the Law Office of **The Stockton City Attorney**, on May 5, 2020.  I also obtained a variety of digital documents via an email on July 9, 2020.

**J.** Based on the materials I was provided and reviewed, as well as other related opinions, and research, I was requested to provide my opinion as to the defendants, Stockton City Police Officers' treatment of the plaintiffs during the arrest and processing. The opinions contained herein are based on my personal experience, training and educational knowledge and review of the provided materials.

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

### K.  DOCUMENTS AND THINGS REVIEWED

1. Body Worn Camera Video
   1.1 Clyborn
   1.2 Cooper
   1.3 Gandy
   1.4 Grauman
   1.5 Hachler
   1.6 Hammond
   1.7 Howard
   1.8 Marecek
   1.9 McCall
   1.10    McClain
   1.11    Nelson
   1.12    Padula
   1.13    Rankin
   1.14    Rubio
   1.15    Sears
   1.16    Sherman
   1.17    Siv
   1.18    Smith
   1.19    Tacker
   1.20    Underwood
   1.21    Wiest
   1.22    Wright



2. Complaints and Pleadings
   2.1 Complaint and Demand for trail
   2.2 Protective Order
   2.3 First Amended Complaint
   2.4 Stipulation to Amend Scheduling
   2.5 PTO Scheduling
   2.6 PTO Scheduling

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

3.  Depositions
    3.1 Nelson
    3.2 Howard
    3.3 Gandy
    3.4 Gutierrez
    3.5 Hachler
    3.6 Duarte

4.  Discovery Plaintiffs Responses
    4.1 Duarte Interrogatories
    4.2 Duarte RFP
    4.3 Gutierrez Interrogatories
    4.4 Gutierrez RFP
    4.5 Plaintiff's Initial Disclosures- POS

5.  Discovery Defendants Responses
    5.1 COS Duarte Interrogatories
    5.2 COS RFP 1
    5.3 COS RFP 2
    5.4 COS RFP 3
    5.5 COS RFP 4
    5.6 Def's 1st Supp Disclosures
    5.7 Defendants Initial Disclosures
    5.8 Gandy Objection to 2nd amended depo notice
    5.9 Howard Objection to 2nd amended depo notice
    5.10Nelson Objection to 2nd amended depo notice

6.  Def's Document Production
    6.1 Gandy Statement of Findings Bates 2261
    6.2 Duarte AVI 302-310
    6.3 Duarte AVI 328-336
    6.4 Duarte COS PDF 01-1583
    6.5 Gutierrez Depo

7.  Plntf's Document Production
    7.1 Duarte 01-33
    7.2 Duarte 34-36
    7.3 Duarte 37-56
    7.4 Duarte 57-83
    7.5 Duarte 84-103

8.Def's Expert retention Letter
9.QT Conversion AVI
    9.1 PICT 79 videos BWC
    9.2 7-4_arts_feature_1.jpg
    9.3 Hachler BWC frame 451.png
    9.4 Wiest 2305 – 2.png

RULE 26 REPORT        4

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

**L.**          **SYNOPSIS OF CASE:**

According to the materials that were received and reviewed, the brief case history is as follows.

On Friday May 5, 2017, CINCO DE MAYO, starting about 2244 hours, the Stockton Police Department Telecommunications Center received multiple phone reports of reckless driving, "sideshow" activity and reports of gunfire coming from the area of Hunter and Clay Streets north of MLK Blvd (formerly Charter way).

 "Sideshows" are described as an informal and illegal demonstration of automotive stunts usually in vacant lots, parking lots, but also on public streets. Recently I-5 traffic was stopped in south Sacramento during a sideshow. Originally started in Oakland in the 1980's, it has spread through-out the east bay and northern California. The activity creates multiple problems for law enforcement as evidenced by the call history.

Historical Message Retrieval                                                                 Page 1 of 2

◄► Next Page ◄▌ Last Page ▌   Records 1 through 10 of 17 Full Display

| MSG_ID | Date Logged | Time Logged | Source Terminal | Source Operator | MSG_TYPE | Log Type | Destination | Message |
|---|---|---|---|---|---|---|---|---|
| 0117050605460045421 | 05/05/2017 22:46:31 | 2246 | L256 | 2662 | 2 | 1 | L256 | 9<br><br>**Forwarded Message**<br><br>Original message, forwarded:<br><br>**Detailed History for Police Event #P171251297 As of 5/05/2017 22:46:22**<br><br>Output for: 2558<br><br>Priority:3 Type:505 - 510<br>Location:E CLAY ST/S HUNTER ST, SKN <200/ 1300><br>Created:05/05/2017 22:44:43 CRO2 2558<br>Entered:05/05/2017 22:45:55 CRO2 2558<br>Closed: 05/05/2017 22:45:55 CRO2 2558<br><br>ICUnit: PrimeUnit; Dispo:C Type:505 - 510<br>Agency:SPD Group:SEA Beat:SE RD:0128<br>☐ Detail<br><br>22:44:43pdt CREATE — Location:E CLAY ST/S HUNTER ST, SKN Type:505 Name:MOORE,BONNIE CMCST RPaddr:1235 S HUNTER #1, SKN Phone:209/466-4658 Source:VOIP Dispo:C Group:SEA Area:0128 TypeDesc:RECKLESS DRIVING LocDesc: <200/ 1300> Priority:3 Agency:SPD LocType:H<br>22:45:55 ADVISED — Dispo:C TypeDesc:RECKLESS DRIVING-->510 Comment:RP CAN HEAR SUB'S DOING DONUTS OUTSIDE NEAR THE C/L. RP HAS NO VISUAL<br>22:45:55 ALI — E911Phne:209/466-4658 E911Pilot:209/211-2004 E911Subd:1235 S HUNTER #1, SKN E911Subs:MOORE,BONNIE CMCST E911Srce:VOIP<br>22:45:55 -NPREMS — Comment:(none)<br>22:45:56 NOMORE<br>22:46:19 MISCN — Comment:PALL'D<br><br>CONTACT INFO:<br>Name \| Phone \| RPaddr \| Contact? \| Method<br>MOORE,BONNIE CMCST \| 209/466-4658 \| 1235 S HUNTER #1, SKN \| \| |
| 0117050605470045551 | 05/05/2017 22:47:50 | 2247 | L256 | 2662 | 2 | 2 | SPR1 | HI |
| 0117050605480045561 | 05/05/2017 22:48:33 | 2248 | L256 | 2662 | 2 | 1 | L256 | HELLOOOOOOOOOOOOO |
| 0117050605540045951 | 05/05/2017 22:54:20 | 2254 | L256 | 2662 | 2 | 1 | L256 | WAS YOUR HI A TEST MSG OR DID YOU NEED SOME HELP? |
| 0117050605540046011 | 05/05/2017 22:54:39 | 2254 | L256 | 2662 | 2 | 2 | CCP1 | ENRT CH 1298 PLS |
| 0117050606070047001 | 05/05/2017 23:07 | 2307 | L256 | 2662 | 2 | 2 | CCP1 | CAN YOU PUT US BACK ON THE HUNTER/CLAY CALL |

http://cos-webquery-01/PRD710/Html/WebQ/Doc/MS/MSS Rpt O.aspx?FM DATE=05...     8/28/2018

RULE 26 REPORT                                                                            5

## Detailed History for Police Event #P171251298

```
22:44:58pdt   CREATE   Location:E CLAY ST/S HUNTER ST, SKN Type:505 Info:17 ft W Name:T-MOBILE (877)
                       653-7911 RPaddr:1225 S EL DORADO ST, SKN Phone:209/302-6137 Source:WPH2
                       Group:SEA Area:0128 TypeDesc:RECKLESS DRIVING LocDesc: <200/ 1300> Priority:3
                       Agency:SPD LocType:H
22:46:09      ENTRY    Priority:3-->2 Comment:CHP XFER..SIDE SHOW AT THE C/L...RP ADVG SEVERAL VEHS IN
                       THE LOT WITH A TACO TRUCK...NO CONTACT TO RP
22:52:29      MISC     Comment:ANOTHER RP/JUDITH 209 629 2811, SEVERAL SUBJS BLOCKING THE ROADWAY AT
                       LOC - RP HAS HEARD SEVERAL 957S IN THE AREA...NO VISUAL ON SUBJS FIRING THE 957
22:52:42      CHANGE   Type:505-->957 TypeDesc:RECKLESS DRIVING-->SHOTS FIRED
22:52:51      CHANGE   Priority:2-->1
22:52:53      INFO     Location:S HUNTER ST/E MARTIN LUTHER KING BL, SKN Info:48 ft N Name:T-MOBILE
                       (877) 653-7911 RPaddr:1225 S EL DORADO ST, SKN Phone:209/275-3950 Source:WPH2

                       TypeDesc:SHOTS FIRED LocDesc: <1400/ 200> Priority:2 Comment:RP HEARD 2
                       957S.... AND SEES 100 SUBJS AND 60 VEHS DRIVING 505/510 IN THE AREA
```

This would include illegal vehicular citable and towable offenses, criminal activity and nuisance-disturbing the peace. The activity is also dangerous and presents a high risk for injury and/or death to the participants, spectators, and the general public. The responding law enforcement officers are also put into a high-risk situation where they are out-numbered and confronted by angry, intoxicated crowds which may include armed individuals. The enforcement is highly stressful and dangerous for the responding law enforcement services. This accurately describes the situation facing the Stockton Police Department Officers as well as the Defendants on the date in question.

The following photo shows a law enforcement aerial photo of a typical sideshow in northern California.



Several jurisdictions in Northern California have made it a crime for spectators in addition to the vehicle operators' vehicle code violations.

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

Below are GOOGLE Earth photos of the area with the location of the arrest pinned. Clay St is the street north of the open lot marked by the black circle. The second photo is street view.

N -



DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL



Several units were dispatched including the special enforcement team SCO (Strategic Community Officer)  which consisted of a group of officers that responded to this nature of activity as well as selective calls assigned to patrol officers

When Officers arrived, they were confronted with a large crowd at the open lot in the photo, sideshow activity and crowds blocking all four streets as well as the intersection of Hunter and Clay Streets and crowds on MLK Blvd in the street with cars leaving the area in all directions.

Plaintiff/ Arrestee Gutierrez was observed by officers, including Officers Tacker, Hachler, Nelson, and Howard, blocking traffic on Hunter St. and directing vehicles to go around. At approximately 2305 hours that night Officers exited their vehicles and ordered Gutierrez to get out of the street. Gutierrez proceeded to get out of the street and walk to the sidewalk where others in the crowd that night were gathering.

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

The Officers proceed to get back into their vehicles to wait for more units to arrive and to not escalate the situation with the crowd. Gutierrez can be seen on body worn camera returning back into the street. His verbal words and gestures were directed at citizens and police vehicles which included being in the street and placing his hands on the push bar of a police vehicle.

After several minutes, Officers Hachler and Nelson determined they would detain and cite Gutierrez for the California Vehicle Code traffic violation. During this time while Gutierrez is in the street, Officers described him as getting into a fighting stance, challenging officers. Gutierrez denies stepping out of the street and back in the street repeatedly maintaining he was always in the crosswalk. Below are still photos captured from Officer Hachlers' BWC and Officer Wiest's BWC. The second photo was discovered during the IA investigation and pointed out by Wiest to the investigator.



DEFENDANT GUTIERREZ



DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

While waiting for more support, Officer Howard drove slowly to and through the crowd of spectators which was a tactic that was non-confrontational and encouraged people to get to their cars and leave. After more officers arrived, Officer Nelson and Officer Hachler attempted to approach and detain Plaintiff Gutierrez who had now again returned to the sidewalk. Officers Nelson and Hachler approached Gutierrez stating to him, "come here" and "come here dude." In response, Gutierrez backed away, turned and ran. After a short foot pursuit, he stopped and turned to face the officers chasing him, Nelson, Hachler and Howard and later joined by Officer Gandy, in a fighting stance.

Officer Nelson tackled the Plaintiff and took him to the ground. He was assisted by Howard and Hachler. Gutierrez was not complying and there was a struggle in a tight space between vehicles, and an angry threatening crowd approaching. Eventually Gutierrez was handcuffed and escorted to a vehicle to be removed to the SPD and finally booked at the San Joaquin County Jail. Officer Nelson and Gutierrez received minor injuries. Gutierrez did not complain of being injured.



During the chaos, Officer Gandy and his partner Officer Moya arrived and also assisted with  the cuffing and crowd control. Officer Moya can be heard ordering people back several times, displaying her  taser attempting to protect other officers and possibly preventing the crowd from overpowering the officers and escalating the situation further via felony acts of Penal Code § 405a.

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

Officer Gandy was attempting to assist in the arrest when he felt a person too close to him. He ordered the person to back away twice and was bumped into by Plaintiff Duarte. Duarte can be heard responding to Gandy's instructions to back up saying, "what the fuck man", and "don't push me dude".

Officer Gandy while still assisting with the arrest of Plaintiff Gutierrez managed to grab Plaintiff Duarte. They went to the ground and Duarte began resisting, refusing to comply with the cuffing. Officer Hachler came to assist Gandy and struck Duarte on the lower left leg/ankle with his baton after giving Duarte commands to give up his hands and submit to arrest.

The number of times Duarte was struck is disputed. Officer Hachler testified consistently that he stuck Duarte once. Duarte is heard on the video telling Officers that he was struck "200 times". However, photographs of his ankle injury do not appear to be consistent with repeated baton strikes. The handcuffing was completed. Duarte complained of an injury to his leg. He was removed, treated at the county hospital for a closed fracture of his ankle and booked at the San Joaquin County Jail. The photo that follows depicts the injury to Duarte's ankle.



There was a subsequent complaint filed almost a year later which initiated an IA investigation. The investigation was completed 17 months after the incident. All Officers investigated were ruled exonerated or unfounded on all allegations except for Officer Gandy failing to properly document a small part of the incident in his report

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

**M.        OPINIONS:**

**OPINION NO. 1.: ALL USE OF FORCE DURING THE ARREST OF PLAINTIFF
GUTIERREZ AND THE ARREST OF PLAINTIFF DUARTE WERE WITHIN
TRAINING STANDARDS**

**OFFICER NELSON AND HOWARD'S USE OF FORCE TO EFFECT THE
ARREST OF PLAINTIFF GUTIERREZ WAS WITHIN TRAINING
STANDARDS AND CONSISTENT WITH CONTEMPORARY POLICE
PRACTICES UNDER THE TOTALITY OF CIRCUMSTANCES PRESENT AT
THE TIME OF THE EVENT**

**OFFICER GANDY AND HACHLER'S USE OF FORCE TO EFFECT THE
ARREST OF PLAINTIFF DUARTE WAS WITHIN TRAINING STANDARDS
AND CONSISTENT WITH CONTEMPORARY POLICE PRACTICES UNDER
THE TOTALITY OF CIRCUMSTANCES PRESENT AT THE TIME OF THE
EVENT**

1. In my professional opinion, there was sufficient probable cause
for Officers  Nelson, Howard, Hachler and Gandy, at the time of incident,
based on the totality of the circumstances before the officers, to arrest
Plaintiffs Gutierrez and Duarte, and that there was lawful justification to use
the level of force they did to stop the resistance and prevent the assault on
their person during the arrest.

2. Plaintiff Gutierrez's conduct in blocking traffic established
sufficient cause for Officers Nelson and Hachler to detain him and/or
arrest him. In response to the Officers' innocuous command to come to
them, Plaintiff resisted arrest and fled on foot.

The Plaintiff Gutierrez's resistance by flight is threatening behavior,
aggressiveness and non-compliance which would cause a reasonable officer
to be in fear of his or her safety. Plaintiff Duarte's interference, in the arrest
of Gutierrez, non-compliance and resistance to the officers' instructions
would cause a reasonable officer to be in fear of his or her safety. When the
level of force applied in any given situation is reasonable, a peace officer
should not be considered the aggressor.

The officers have a right to stand their ground against any aggressor; and
they are not required to retreat or desist.  Peace officers also have a legal
right to use reasonable force to overcome resistance, to affect an arrest, and
for protection; the right of self-defense is not lost. (*Scott v Heinrick 9*[th] *Cir
1994*), (*People v. Hardwick Cal*. 1928)

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

3. The officers' defensive techniques were appropriate and reasonable and within department policy. The objective for the use of force by peace officers **in any situation** is to ultimately gain or maintain control of an individual and therefore the situation.  Peace officers are required to use force only when authorized to overcome resistance and gain or maintain control to a lawful process, and to use the type of force that is reasonable under the circumstances.

Further, peace officers should only use the amount and type of force permitted by department policy, state statute and case law.  Plaintiff Gutierrez was not complying with commands, was acting in an aggressive manner, had postured aggressively in the incident  area and had not responded to verbal commands to comply.

 Effective communication is a basic element of the use of force. Plaintiff Gutierrez escalated the situation by responding to lawful peace officer commands with flight and evasion. Other than being taken down by Officer Nelson because of his flight from the officers, and feeling pressure on his legs being applied by Officer Howard during the course of being handcuffed, there is no other identified instances of force used upon Plaintiff Gutierrez. Plaintiff Gutierrez did not complain of injury to any officer and did not request or require medical treatment the night of his arrest.

Plaintiff Duarte was given lawful commands by Officer Gandy to back away so Gutierrez could be safely taken into custody. Plaintiff Duarte escalated the situation by failing to respond appropriately and instead argued with Officer Gandy. Officer Gandy's decision to take Plaintiff Duarte to the ground due to Duarte's proximity to the arrest of Gutierrez, interference, and failure to follow the lawful command of a peace officer is an example of the tense, uncertain and rapid evolving circumstances where an officer is forced to make a split second decision as to what level of force is necessary in a particular situation.

 Officer Gandy chose to take Plaintiff to the ground and thereafter attempted to gain control of Duarte to handcuff him, which he was unable to do without the assistance of Officer Hachler.

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

Officer Hachler assisted Officer Gandy in the arrest of Plaintiff Duarte, giving Duarte commands to give up his hands. In response to the commands by the officers, Duarte can instead be heard saying "I didn't do anything" and he appears to argue with the officers rather than comply.

Officer Hachler's decision to utilize his baton by striking the lower left leg of Plaintiff Duarte to gain his compliance with the officers commands to submit to arrest and give up his hands to the officers is another example where an officer is forced to make a split second decision as to what level of force is necessary in a particular situation under tense, uncertain and rapid evolving circumstances.

The officers were in a situation where they must affect multiple arrests in a confined space, in the dark of night, while a hostile crowd is encircling the officers screaming at them as other officers were repeatedly instructing the crowd to back up and not interfere.

A major goal of law enforcement is to generate voluntary compliance without resorting to physical force. However, there are situations where communication through words is not effective.

The acronym **SAFER** summarizes the five conditions that require more than words.

**Security** - Whenever others are in imminent jeopardy

**Attack** - Whenever the officer's personal danger zone is violated. (Determined by the officers' training and the totality of the situation)

**Flight** - Whenever a suspect unlawfully flees from the officer's presence

**Excessive repetition** - No voluntary compliance is forthcoming and all verbal options are exhausted

**Revised Priorities** - Whenever a matter of higher priority requires immediate attention or presence.

---

**Stockton Police Department Rules and Regulations, Section 3.24, "USE OF FORCE":**

"While recognizing the need to demonstrate authority and control over criminal suspects and prisoners, Department members shall adhere to the Department's Use of Force policy, including the requirement to report the force used on or off duty, and shall observe the civil rights and protect the wellbeing of those in their charge."

---

## OPINION NO. 2.: LAWFULNESS  OF THE ARRESTS  OF PLAINTIFFS' GUITERREZ AND DUARTE

**ASSUMING THE JURY FINDS THAT IT WAS REASONABLE FOR THE PLAINTIFFS TO SUBMIT TO THE ARREST PROCESS, THE PROCEDURES FOLLOWED IN REGARDS TO THE PLAINTIFFS, BY THE OFFICERS HACHLER, HOWARD, GANDY, AND NELSON WERE REASONABLE AND IN ACCORDANCE WITH DEPARTMENT POLICY, CURRENT LAW ENFORCEMENT POLICES AND PRACTICES, STATE AND FEDERAL STATUTES, AND CASE LAW.**

1.  It is my opinion, based on the totality of the circumstances, that the attempt to control and subdue the Plaintiffs was reasonable, and the level of force used to overcome the Plaintiff's resistance was reasonably necessary.  The Plaintiffs were not complying with the directions and were resisting and acting in a threatening manner.

    The techniques that were employed by Stockton Police Department personnel were reasonable, within policy and applied correctly as per training guidelines.

    Additionally, each Plaintiff pled no-contest to violating Penal Code § 148 as a result of their actions. The plea forms they signed clearly indicated that by entering a plea of guilty or no-contest that they are incriminating themselves. The Plaintiffs conceded the lawfulness of their arrest.

---

**Stockton Police Department Rules and regulations Section 3.23,**

**"POLICE ACTION BASED on LEGAL JUSTIFICATION":**

"What is reasonable in terms of appropriate police actions or what constitutes probable cause varies with each situation. Different facts may justify an investigation, a detention, a search, an arrest, or no action at all. The requirement that legal justification be present imposes a limitation on an officer's actions. In every case, an officer must act reasonably within the limits of authority as defined by statute and judicial interpretation, thereby ensuring that the rights of both the individual and the public are protected."

---

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

**OPINION NO. 3.: NO EVIDENCE OF THE EXISTANCE OF AN ENTRENCHED CULTURE, POLICY OR PRACTICE OF PROMOTING,TOLERATING AND/OR RATIFYING WITH DELIBERATE INDIFFERENCE, THE USE OF EXCESSIVE FORCE ,THE FABRICATION OF OFFICIAL REPORTS OR RACIAL BIAS WAS SUBSTANTIATED**

**ASSUMING THE JURY FINDS THAT OFFICERS HACHLER, HOWARD, GANDY, AND NELSON, FOLLOWED THE VALID DEPARTMENTAL ORDER AND PROCEDURES, TRAINING, POLICY AND PROCEDURE PRACTICES IN THE AREA OF ARREST, THE DIRECT CAUSE OF THE  INJURIES TO THE PLAINTIFFS WAS DUE TO THE PLAINTIFFS' ACTIONS.**

1.There is no evidence that there was a practice or custom of disregarding the policy and procedure concerning the treatment of arrestees in general or specifically regarding the treatment of the Plaintiffs. There was no evidence concerning the misuse of BWC's

---

**Stockton Police Department Rules and Regulations Section 3.02,**
**"OBEDIENCE TO LAWS, RULES AND REGULATIONS:**

"Members shall not, whether on or off duty, negligently, knowingly, or intentionally commit any act which results in the commission of a criminal act or violates any law or Department policy, rule, regulation, or procedure."

---

2. There was no evidence concerning the misuse of BWC's.

---

**General Order J-2,**
**"BODY WORN CAMERA SYSTEM"**

"Unless it is unsafe or impractical to do so, officers shall record pedestrian contacts, interviews, and other events when the recording has value as evidence, to limit liability, to resolve citizen complaints, or as a training tool in any of the following incidents:

1. Enforcement encounters where there is a reasonable suspicion the person is involved in criminal activity. This includes, but is not limited to dispatched calls for service as well as self-initiated activities."

"While activated, the recording should not be intentionally terminated until the conclusion of the encounter."

---

3.      There is clear evidence that procedures were followed and the injuries to the Plaintiffs was not a result of the actions of Stockton Police department  but self-defense response to their resistant behavior.

4.      The applicable policies were valid, up to date and met all of the criteria for law enforcement uses. The policy format is in a commonly used and recognized format. The purpose is clearly stated and includes a statement of philosophy as well as specific requirements that the user must meet.

5.      The Officers were clearly trained according to the law, POST and departmental update training.


## OPINION NO. 4.: MEDICAL ACCESS FOR PLAINTIFF DUARTE


**ASSUMING A JURY BELIEVED WHAT WAS VIEWED AND TESTIFIED TO, THEY WOULD MAKE THE ASSUMPTION THAT MEDICAL TREATMENT WAS NOT AN ISSUE. THERE WERE NO INDICATIONS OF ANY ADDITIONAL MEDICAL ISSUES THAT WOULD HAVE REQUIRED FURTHER MEDICAL ASSISTANCE. THE OFFICERS WERE AWARE OF THE UNFORTUNATE INJURY AND PROVIDED ACCESS TO MEDICAL CARE.**


1.      The Stockton Police Department clearly meets the standard of care dictated by law and industry standards.

2       The Officers decision chose the safest, quickest  method in a chaotic situation.


## OPINION NO. 5.: NO EVIDENCE OF INADEQUATE TRAINING, SUPERVISION OR DISCIPLNE CONCERNING OFFICERS HACHLER, HOWARD, GANDY OR NELSON


1.      There was nothing examined showing the officers lacking in any of these areas.

2.      The techniques used were within training guidelines and were reported to Sgts.

**OPINION NO. 6: NO NEGLIGENCE BY THE STOCKTON POLICE DEPARTMENT AND OFFICERS HACHLER, HOWARD, GANDY OR  NELSON WAS SUBSTANTIATED**

**ASSUMING A JURY BELIEVED THAT THE OFFICERS' ACTIONS WERE AT THE MOST MINIMAL, REASONABLE AND NOT EXCESSIVE THERE WAS NOTHING TO INDICATE NEGLIGENCE BY THE DEFENDANT OFFICERS' ACTIONS.**

1.       The audio from the BWC videos, as well as the videos themselves depicted all the officers as professional and respectful. They were clearly concerned about the volatile situation and acted accordingly.

**OPINION NO. 7: THERE IS NO EVIDENCE SGT. UNDERWOOD HAD ANY PERSONAL INVOLVEMENT IN THE ARREST OR THE USE OF FORCE TO EFFECT THE ARREST OF EITHER PLAINTIFF GUTIERREZ OR PLAINTIFF DUARTE**

1. There are no facts, documents, testimony or other data which demonstrates Sgt. Underwood had any personal involvement in the arrest or the use of force to effect the arrest of either Plaintiff. Rather, Sgt. Underwood appears to have arrived shortly after each Plaintiff was in custody, questioned Plaintiff Duarte concerning the use of force and his complaints of injury, and informed Plaintiff Duarte he will be taken to the hospital.

**N.       ADDITIONAL MATERIALS:**

If I am asked to review additional materials, I reserve the right to formulate additional opinions and augment this report as necessary.

**P.       EXHIBITS:**

No exhibits were produced by or requested of me at the time of this report. I reserve the right to produce exhibits at a later time.

**Q.       QUALIFICATIONS:**

See Attached Curriculum Vitae

**R.       EXPERT TESTIMONY**

See Attached Curriculum Vitae page entitled;
**EXPERT TESTIMONY /  CONSULTATION**

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

**S.      PUBLICATIONS/ PUBLIC PRESENTATIONS:**

Speaker – American Jail Association, Conference, Portland Oregon 1993
Numerous teaching / training presentations, nation-wide

**T.      COMPENSATION:**

Case Review          $225 per hour
Deposition Fee       $275 per hour.  **At that time of deposition**
Court Testimony      $275 per hour
See attached Fee Sheet

Jeffrey R. Hislop

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL



JEFFREY R. HISLOP

6403 Brook Hollow Cir., Stockton, CA 95219 – H (209) 478-4708 –W (209) 954-5678-
C (209) 603-2690 **E-Mail: JRHTraining@aol.com / jhislop@deltacollege.edu**

**EMPLOYMENT HISTORY**
### JRH CONSULTING AND TRAINING
Law enforcement, Corrections 1990 to present
### SAN JOAQUIN DELTA COMMUNITY COLLEGE
Administration of Justice / Corrections Adjunct-Associate Professor 05/19
Administration of Justice / Corrections Full-time Professor 08/99 to 05/19
Administration of Justice / Corrections Adjunct Instructor 05/82 to 08/99
### MODESTO JUNIOR COLLEGE
Administration of Justice / Corrections Adjunct Instructor 08/11 to Present
### INSTITUTE OF TECHNOLOGY-STOCKTON/SALIDA BRANCH
Administration of Justice / Corrections Instructor 6/12 to Present

### SAN JOAQUIN COUNTY SHERIFF'S OFFICE

Civil Division Lieutenant 02/96 to 08/99

Patrol Division District Lieutenant 12/94 to 02/96

Custody Division Lieutenant 07/93 to 12/94

New Building Transition Lieutenant 07/90 to 07/93

Personnel & Training Lieutenant 10/86 to 07/90

S.W.A.T. / Hostage Commander 10/86 to 07/90

First Line Supervisor - Sergeant 1/80 to 10/86

    Personnel & Training, Communications

    Custody Administration / operations, Hostage Negotiations

Line Officer – Deputy Sheriff 07/73 to 01/80,

    Field Training Officer, Patrol

    Bailiff & Transportation

    Custody


### US DOJ- NATIONAL INSTITUTE OF CORRECTIONS-JAILS DIVISION

**US DOJ N.I.C./H.O.N.I. Technical Resources Provider 1990-2002
Wisconsin, Oklahoma, Nebraska, Minnesota, Oregon, Utah, Michigan,
Indiana, Ohio, New York, Pennsylvania, Florida, California, New Mexico
and Iowa**

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

## **JEFFREY R. HISLOP**

**EDUCATION**

> **UNIVERSITY of CALIFORNIA BERKLEY**
> **Vocational Teaching Credential**
> **CALIFORNIA STATE UNIVERSITY of SAN JOSE**
>  B. A. Degree Psychology
> **SAN JOAQUIN DELTA COLLEGE-STOCKTON**
> **A.A. General Education.**

**AFFILIATIONS**

> Retired Public Employees of San Joaquin County
> California State Sheriffs Association – Associate Member
> CPOA
> San Joaquin County Sheriff's Association – Associate Member
> California Association of Law Enforcement Background Investigators -     former
> President
> California Law Enforcement Association of Recruiters – Job Fair Chair
> Bacon Bash Charity Football Game – Board Chair
> Big Brothers / Big Sisters – Board Chair
> North Stockton Rotary-Club President 2004-2005
> Leadership Stockton – Chamber of Commerce

**TECHNICAL EDUCATION / TRAINING**

> Certificates available upon request
> **Force Science Institute Certification 10/09**
> **ECD (Taser) User Training 1/10**
> **FORCE ENCOUNTERS ANALYSIS 3/16**

**PROFESSIONAL CERTIFICATES**

> P.O.S.T. Management  11/88
> Career Ethics / Values Instructor Training 04/86
> California Jr. College Teaching Credential 09/83
> Def. Tactics / Impact Weapons Instructor 09/97
> F.B.I. Firearms Instructor 05/82
> P.O.S.T. Advanced 07/79

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

## JEFFREY R. HISLOP

---

## ORGANIZATIONAL ACHIEVEMENT

Discipline Chair/Lead Instructor 03-Present
CTA Officer 01 Chapter President 09-11
C.O.P.P.S. Community Service Center – Opened 95
New Headquarters / Jail Opened 92
Entry P.O.S.T. Program – Communications 89
Entry P.O.S.T. Program – Marshal's Office 88
Lateral Entry Program – Deputy Sheriff 87
Critical Incident Management Team Commander 89
Critical Incident Management Team Proposal 86
Team Building Action Plan Summary 86
Polygraph Screening Proposal 86
General Orders Development 85
Psychological Screening Proposal 84
Entry S.T.C. Program application 83

---

## ORGANIZATIONAL SKILLS

Management experience in major law enforcement divisions
*Operations, Support / Management Services*
Able to develop policy / general orders
Experience with Community Oriented Policing and working with citizen groups
Experienced *People Oriented* manager, blended with *Project* management
Fair but Firm Manager, experienced in working in and with a culturally diverse community, while maintaining personal and professional ethics and values as   everyday decision-making guides

## PERSONAL / FAMILY HISTORY

Born March 24, 1950, Stockton, CA
Married, wife Laura, five children, three grandchildren

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

**<u>JEFFREY R. HISLOP</u>**

---

**REFERENCE SHEET**

<u>RETIRED CHIEF DAVID MAIN SHERIFF,</u> Lodi P.D., San Joaquin Delta College
Public Safety Department
5151 Pacific Avenue
Stockton, CA 95207
(209) 944-5858 (209) 329-3499

<u>SHERIFF PATRICK WITHROW,</u> San Joaquin County Sheriff's Office
7000 Michael Canlis Blvd.
French Camp, CA 95240
(209) 468-4322

<u>PROFESSOR GREGORY HAUSMANN,</u> Modesto Junior College / RETIRED, Merced
Police Department
435 College Avenue
Modesto, CA 95350
 (209) 575-6814

<u>RETIRED SHERIFF'S SERGEANT JACK TURTURICI,</u> San Joaquin County Sheriff's
Office
7709 Dorchester Ave.
Stockton, CA 95207
(209) 610-0232

<u>INSTRUCTOR / DIRECTOR DALE HOAGLAND,</u> Modesto Junior College
435 College Avenue
Modesto, CA 95350
(209) 847-2825

<u>DIRECTOR OF ACADEMIES / RETIRED C.O.P. (TRACY) / RETIRED C.O.P.
(DELTA COLLEGE) JARED ZWICKEY,</u> San Joaquin Delta College Public Service
Training Center
5151 Pacific Avenue
Stockton, CA 95207
(209) 321-9688

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

**JEFFREY R. HISLOP**

---

**EXPERT TESTIMONY / CONSULTATION**

**1.** BERRY V. COUNTY OF NEVADA (2004) Jail Death, for **Plaintiff Deposed**, Superior Court

**2.** RAFAEL NAVARRO V. CITY OF OAKLAND (2005) Civil lawsuit, for **Defendant** Consultation

**3.** LEO SERRANO V. SAN JOAQUIN COUNTY, SAN JOAQUIN COUNTY SHERIFF'S OFFICE, SHERIFF'S OFFICER BRANDON JIMENEZ (2006) Use of Force, for **Plaintiff Deposed**

**4.** FRANK S. HALL V. COUNTY OF SACRAMENTO ET AL (2007) Use of Force, for **Defendant Deposed / Testified as Expert**

**5.** RUSSELL JAMES V. COUNTY OF SACRAMENTO (2007) Use of force, for **Defendant** Rule 26 Report Prepared

**6.** DANIEL BRITTSON V. CITY OF CERES ET AL (2007) Use of force, for **Plaintiff** Consultation

**7.** KEIDRON DAVIS V. MERCED COUNTY ET AL (2007) Use of force, for **Defendant** Consultation

**8.** PEOPLE OF SAN MATEO CO. V. BERNSTEIN (2008) Use of force, for **Defendant** Report Prepared

**9.** ALITANO, ANTONIO V. COUNTY OF BUTTE ET AL (2008) Medical Treatment for **Defendant Deposed**

**10.** MATHEWS, JAMES V. COUNTY OF BUTTE ET AL (2008) Medical, Use of Force for **Defendant** Rule 26 Report Prepared /**Deposed**

**11.** CHRISTINA HAGAN V. CFMG  COUNTY OF BUTTE, ET AL (2008) Medical, Policy and Procedure Rule 26 Report Prepared **Defendant**

**12.** SALERNO V. COUNTY OF BUTTE ET AL (2008) Jail Death, for **Defendant**, Retained

**13.** BARNES V. SUTTER COUNTY (2009) Jail, Deliberate Indifference, for **Defendant**, Retained, Rule 26 Report Prepared, **Deposed/Testified as Expert**

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL

**JEFFREY R. HISLOP**

---

**EXPERT TESTIMONY / CONSULTATION**

**14.** JACKSON V. COUNTY OF SACRAMENTO (2009) Jail Use of Force, for **Defendant**, Retained

**15.** BARBER V. LASSEN COUNTY (2009) Juvenile Facility Use of Force, for **Defendants** Retained, **Deposed**

**16.** ALGER/WELCH V. LAFAYETTE PD (2009) Use of Force, For **Plaintiff**, **Deposed**

**17.** DAMAN V. COUNTY OF SISKIYOU (2010) Use of Force, For **Defendant**, Retained

**18.** DUMAS V. CITY OF ELK GROVE (2010) Use of force, For **Defendant**, Report Prepared

**19**. PETE V. CITY OF OAKLAND (2011) Investigation procedures, For **Defendant,** Rule 26 rebuttal, **Deposed,** Summary Judgment for Defendant

**20**. MATHEWS, JAMES V. COUNTY OF BUTTE ET AL (2008/2011) Medical, Use of Force for **Defendant** Rule 26 Report Prepared /**Deposed /** Retained-Tort Law Suit

**21.** PARKISON, GRANT V. BUTTE COUNTY SHERIFF'S OFFICE ET AL (2011) Medical, Use of Force, for **Defendant** Rule 26 Report

**22.** BROCK V. NAPA COUNTY ET AL (2012) Wrongful Death, Jail Suicide, for **Plaintiff,** Rule 26 Report Prepared **Deposed**

**23.** CASTRO V. MODESTO PD ET AL (2012) Discrimination Consultation/Investigation **Plaintiff**

**24.** PRASAD V. SUTTER CO. ET AL(2013) In-custody Death, for **Defense**, Rule 26 Report Prepared

**25.** OVETZ V. CITY OF OAKLAND ET AL (2013) Use of Force-Occupy Oakland Case Retained – **Defendant** Case Settled

**26.** JONES V. COUNTY OF SACRAMENTO ET AL (2013) Use of Force- Custody Case Retained, **Defendant** Rule 26 Report Prepared

DUARTE / GUTIERREZ v. CITY OF STOCKTON ET AL

**JEFFREY R. HISLOP**

---

**EXPERT TESTIMONY / CONSULTATION**

**27.** HRDLICKA V. RENIFF SHERIFF COUNTY OF BUTTE (2014) IST Amendment – Custody Procedures, **Defendant** Rule 26 Report Prepared

**28.** ENGERT V. STANISLAUS CO., ET AL (2015) Wrongful Death – Civil Eviction **Defendant** , Rule 26 Report Prepared **Deposed**

**29.** RUSSELL V. BUTTE CO., ET AL (2015) Use of Force Operations/Jail - **Defendant** Rule 26 Report Prepared

**30.** McCLURE V. SAN JOAQUIN COUNTY, ET AL (2015) Use of Force – Jail - **Plaintiff** , Rule 26 Report Prepared

**31.** CORINA MAREZ V. STANISLAUS CO., ET AL (2016) Jail Death/ Morell Issues - **Defendant** , Rule 26 Report Prepared

**32.** MAYFIELD V. COUNTY OF SACRAMENTO, (2016) Jail Use of Force **Defendant**, Rule 26 Report Prepared, **Deposed** Porter|Scott –( DeBow/Whitefleet)

**33.** MARTIN V. COUNTY OF BUTTE ET AL,(2017)  Jail Use of Force **Defendant**, Porter|Scott – (Camy)

**34.** JONES V. JENNINGS SACRAMENTO COUNTY ET AL, (2017) Jail Use of Force **Defendant**, Rivera & Associates Law Offices – (Rivera) **Consultation**

**34.** ALAMEDA COUNTY COUNSEL ADMINISTRATIVE ACTION (2017) Use of Force – Patrol Operations **Consultation** for County

**35.** CARSON V. STANISLAUS COUNTY ET AL, (2017) Use of Force – **Defendant** Investigations DA Porter/Scott (Whitefleet)

**36.** SILVA V. SAN JOSE STATE UNIVERSITY, (2017) Use of Force – **Defendant** Expert Witness Testimony California Personnel Appeals Board  / University Counsel **Testified**

**37.** SPIES V. EL DORADO COUNTY ET AL, (2017)  Jail Suicide – **Defendant** **Expert Witness Consultation** Angelo Kilday & Kilduff

**38.** AB.AH. V. COUNTY OF SISKIYOU ET AL. (2018) Jail Suicide Attempt - **Defendant** James Wyatt ESQ. Rule 26 Report

**JEFFREY R. HISLOP**

---

**EXPERT TESTIMONY / CONSULTATION**

**39.** <u>MURCHISON V. TEHAMA COUNTY.</u> (2018) Operations UOF – **Defendant** -
David Norton ESQ. PORTER|SCOTT consultation

**40.** <u>DENNIS MURPHY (HECTOR INTERIANO) V. CHAVES COUNTY N.M.</u> (2018)
Jail Death **Plaintiff** Lee Hunt ESQ. Local Court Report

**41.** <u>DENNIS MURPHY (STEVEN SANCHEZ) V. SANDOVAL COUNTY N.M.</u> (2018)
Jail Death **Plaintiff** Rick Sandoval ESQ. Rule 26 Report Addendum Report,
**Deposed/Settled**

**42.** <u>AZEVEDO V. COUNTY OF MODOC</u> (2018) Jail Death **Defendant Modoc** Co. et
al
James Wyatt ESQ. Consultation

**43.** <u>JANE DOE V. HARRIS COUNTY TX.</u> (2018) Jail Treatment **Defendant**, CAO Seth
Hopkins. Rule 26 report,

**44**. <u>JAMES JACK JR. V. SCSD'S PEARSON  & GUNSOLLEY</u> (2019) Jail Treatment
**Defendant**s, Rivera & Associates- Shannon Hewitt, Jill Nathan. Rule 26 Reports

**45.**<u>LUONG V. ALAMEDA CO.</u> (2019) Jail Death – Homicide, **Defendants**, Timothy P.
Murphy, Esq. Edrington, Schirmer & Murphy LLP Consultation, settled

**46.** <u>A. PENALOZA V. ALAMEDA CO.</u> (2019) Jail Death, **Defendants**, Timothy P.
Murphy, Esq. Edrington, Schirmer & Murphy LLP

**47.** <u>JOHN / WILLIAMS V. COUNTY OF LAKE ET AL</u> (2019) Illegal Search use of
force, **Defendants,** Porter/Scott-John Whitefleet, Rule 26 Reports

**48**. <u>MITCHELL V. COUNTY OF SACRAMENTO ET AL</u>(2020) Use of Force Custody,
**Defendants,** Porter/Scott-John Whitefleet, Rule 26 Report

**49.** <u>DUARTE/GUTIERREZ V. CITY OF STOCKTON ET AL</u>(2020) Use of Force
Operations, **Defendants,** Stockton City Attorney Jamil Ghannam, Rule 26 Report

**50.**<u>HUGHES V. DEPUTY GARCIA ET AL</u>(2020) Use of Force Operations,
**Defendants,** Porter/Scott-Carl Fessenden, Rule 26 Report

DUARTE / GUTIERREZ v. CITY OF  STOCKTON ET AL



### Jeffrey R. Hislop

### WITNESS FEE SCHEDULE

### RETAINERS ARE  GENERALLY REQUIRED, IF REQUESTED THE RETAINER IS  $1000.00

**ORIGINAL CONSULTATION**                                                                $500.00
This fee is charged upon retention and initiating a case file and includes the preliminary case review and assessment, use of library and research materials, fixed office costs and operating expenses.

**ADDITIONAL CASE REVIEW AND PREPARATION Effective 1/1/2020 - Hourly Rate of $225.00**
This basic hourly fee applies to all directed activities associated with case review, analysis, research, preparation and production. Included in this category are:

      Review of case documents or exhibits
      Tactical debriefings or witness interviews
      Meetings, report writing or teleconferencing
      Production of documents, exhibits or displays
      Site surveys, photography or forensic analysis

**CASE PRESENTATION**
**Deposition / Testimony Fee**                **Effective 1/1/2020- Hourly Rate of $275.00**
This basic hourly fee applies to all depositions, hearings, or court appearances and is in compliance with Federal and State rules governing "expert witness". This fee is separate and distinct from other fees such as preparation, travel, lodgings, meals etc. **The Fee is expected at the time of the deposition for the customary minimum of three hours**. If the deposition is cancelled at the appointed time, there will be an hourly rate fee applied to cover the portal-to-portal travel.

**DIRECTED TRAVEL**

All travel expenses, including transportation, insurance, lodgings and meals, will be billed at actual costs. Travel mileage will be billed at the annual federal rate. Costs such as airfare may include insurance and / or messenger expenses associated with such purchases, will be arranged and pre-paid by the client. Extended lodging will require an estimated expense retainer. Travel time and non-activity days away from my personal residence will be billed at an hourly rate.

**STATEMENT OF ACCOUNT**

Itemized billings, (Statement for Services Rendered) will be prepared and submitted on a periodic basis consistent with the activities of the account. Payment is due upon receipt of a billing. Late charges may be assessed on overdue accounts at a rate of 1.5% per month on the unpaid balance.

**TAX ID NUMBER**
**Please Make Payment To:**
 **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 / JEFFREY ROBERT HISLOP**
6403 BROOK HOLLOW CIR.
STOCKTON, CA 95219