UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DUARTE AND ALEJANDRO GUTIERREZ, | No. 2:19-cv-00007-MCE-CKD |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF STOCKTON, et al., | |
| Defendants. | |

Currently pending before this court are two related motions: (1) defendants' motion for sanctions (ECF No. 36), and (2) defendants' motion to retain confidentiality. (ECF No. 42.) In their motion for sanctions, defendants allege that plaintiffs' counsel violated the stipulated protective order by using confidential information from this case in a separate complaint that plaintiffs' counsel filed against similar defendants in Weaver v. City of Stockton et al., 2:20-cv-00990-JAM-EFB, which is currently pending before another judge in this district. Along with their motion for sanctions, defendants contemporaneously filed in Weaver a motion to strike the confidential information from that complaint. The motion to strike asserts many of the same arguments set forth in the motion for sanctions.

After defendants filed the motion for sanctions and motion to strike, plaintiffs' counsel notified defendants in writing that, pursuant to paragraph 6.2 of the stipulated protective order, plaintiffs were challenging "the confidential designation [of] both the Internal Affairs records and

1. the Weaver police report . . . ." (ECF No. 42, Ex. A.)  The parties conferred and—as has been the pattern in this litigation—they were unable to agree on whether any of the confidential designations should be modified.  In fact, they could not even reach a clear agreement as to which confidential documents were being challenged.  As a result of the parties' failure to hold a meaningful conference, defendants filed a motion to retain confidentiality, as they were required to do under the stipulated protective order to avoid waiving their confidential designations.  The motion to retain confidentiality asks the court to decide whether every document designated as confidential in this case—1,971 documents in total—should remain so designated.

On September 28, 2020, the court in Weaver decided defendants' motion to strike.  After discussing the parties' various arguments, the court found that the information included in the Weaver complaint did not violate the stipulated protective order from this case.

In light of the district court's ruling on the motion to strike in Weaver, and in light of the parties' apparent failure to confer meaningfully regarding the specific confidential documents in dispute, the undersigned hereby orders as follows:

1. Counsel for plaintiffs and counsel for defendants shall meet and confer regarding the pending motion to retain confidentiality (ECF No. 42) and attempt to resolve their differences regarding the confidential designation of documents.  In the event the parties cannot agree on the appropriateness of a designation, the parties shall consider whether redaction can resolve their differences.

2. If the parties are unable to resolve their dispute after the conference, they may renotice defendants' motion for sanctions and motion to retain confidentiality for hearing and argument.  Any differences unresolved by the conference shall be submitted to the court in a Joint Statement re Discovery Dispute pursuant to Local Rule 251(c).  The Joint Statement, if any, shall refer to documents, or categories of documents, by Bates numbers.  In the event that a party believes a difference may be resolved by redactions, that party may submit the proposed redactions to the court electronically for in camera review, in accordance with Local Rule 141(e)(2)(i).  Unless the parties otherwise agree in writing, any proposed

redactions submitted to the court must also be served to the opposing party in accordance with the stipulated protective order and the Local Rules.

3. The Joint Statement shall be filed no later than fourteen days prior to the hearing, if any.

IT IS SO ORDERED.

Dated: September 30, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.0007.confdisc

3