UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DUARTE and ALEJANDRO GUTIERREZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF STOCKTON, STOCKTON POLICE DEPARTRMENT, ERIC JONES, KEVIN JAYE HACHLER (1641); ERIC B. HOWARD (2448); MICHAEL GANDY (2858); CONNER NELSON (2613); SGT. UNDERWOOD, and DOES 1-100,<br><br>Defendants. | No. 2:19-cv-00007-MCE-CKD<br><br>**ORDER** |

By Memorandum and Order filed October 22, 2001 (ECF No. 73), this Court granted the Motion for Summary Judgment filed on behalf of Defendants in this matter. As the prevailing party in this litigation, Defendants now seek attorney's fees and costs in the amount of $136,016.08 against Plaintiff Francisco Duarte[1] in accordance with the provisions of Federal Rule of Civil Procedure 54(d)[2] and Eastern District Local Rules 292

---

[1] The remaining Plaintiff, Alejandro Gutierrez, settled with Defendants following judgment by waiving his right to appeal in exchange for a waiver of any costs or fees pursued against him.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

1

and 293. Defendants further assert that attorney's fees are authorized by 42 U.S.C. § 1988 because Plaintiffs' lawsuit was frivolous, unreasonable or groundless. Defendants' request is properly before the Court inasmuch as the litigation here has been resolved in its entirety.

On November 13, 2021, however, Plaintiff Duarte filed a Notice of Appeal from the judgment entered against him on October 22, 2021. Defendants' Motion for Attorney's Fees and Costs (ECF No. 76) was filed two days later, on November 15, 2021, despite that appeal. In addition to opposing Defendants' Motion, Plaintiff Duarte also filed a Motion for Sanctions pursuant to Rule 11 on December 25, 2021 (ECF No. 82). That Motion asserts that Defendants' claim for attorney's fees has no legal merit and accordingly entitles Plaintiff Duarte to monetary sanctions for having to oppose Defendants' Motion.

This Court may defer its ruling on attorney's fees and costs when an appeal on the merits is pending. See 1993 Advisory Committee Notes to Rule 54(d) ("if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); see also Dumas v. New United Motor Mfg. Inc., No. C 05-4702 PJH, 2007 WL 1880377 at *2 (N.D. Cal. June 29, 2007); Castillo-Antonio v. Iqbal, No. 14-cv-03316-KAW, 2017 WL 1113300 at *5 (N.D. Cal. March 24, 2017).

Depending on its outcome, Plaintiff Duarte's Appeal may render either Defendants' Motion for Attorney's Fees and Costs (ECF No. 76) or Plaintiff Duarte's Motion for Sanctions (ECF No. 82) moot. Accordingly, given the pendency of that appeal, and in exercising its discretion under the circumstances presented herein, the

///
///
///
///

Court DENIES[1] both motions at this juncture, without prejudice to being renewed following disposition of this matter upon appeal.

IT IS SO ORDERED.

Dated: May 12, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).